The STATE of Ohio, Appellee,

v.

TYLER, Appellant.

[Cite as *State v. Tyler* (1993), 90 Ohio App.3d 380.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–237.

Decided Sept. 21, 1993.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Joyce S. Anderson*, Assistant Prosecuting Attorney, for appellee.

*Judith M. Stevenson*, Franklin County Public Defender, and *Paul Skendelas*, Assistant Public Defender, for appellant.

WHITESIDE, Judge.

Defendant, Mamie R. Tyler, appeals from a judgment of the Franklin County Court of Common Pleas, and raises a single assignment of error as follows:

"The trial court erred in failing to credit appellant for the period of time she was confined on court-ordered house arrest."

Defendant entered a guilty plea to the lesser-included offense of aggravated assault against a police officer, a felony of the third degree, in violation of R.C. 2903.12, after having been indicted upon a charge of felonious assault, an aggravated felony of the first degree in violation of R.C. 2903.11. The trial court sentenced defendant to a two-year determinate term of incarceration, and recognized a fourteen-day credit for jail incarceration, but refused to certify sixty days defendant spent on house arrest.

After accepting defendant's guilty plea, the trial court indicated he desired a presentence investigation and continued the case for two months prior to sentencing. During that period of time, however, he ordered defendant confined on house arrest, stating, "I would also put you under house arrest while this presentence investigation is pending."

Defendant contends that she should be given credit for this time pursuant to R.C. 2967.191, which provides:

"The adult parole authority shall reduce * * * the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, * * * and confinement while awaiting transportation to the place where he is to serve his sentence."

Crim.R. 32.2(D) requires the trial court to forward to the penal institution in which a convicted felon shall be confined "a statement of the number of days confinement which the defendant is entitled by law to have credited to his * * * sentence."

Under the circumstances, we find no error or abuse of discretion on the part of the trial court. The house arrest was not confinement in lieu of bail but, rather, was a condition of release from confinement imposed pursuant to Crim.R. 46(C)(5), (E) and (F). The specific order of the trial court granted defendant "permission to participate in the Franklin County Home Incarceration Program." Although the entry incorrectly referred to this as a "commitment," it was not part of a sentence or order of the court but, instead, a condition of release on bail pending sentencing, as contemplated by Crim.R. 46(E)(1). Crim.R. 46(F) sets forth the considerations in determining conditions of release, and we find no abuse of discretion on the part of the trial court in making house arrests one of the conditions of release pending sentencing. Had defendant not been released on bail, subject to the condition of house arrest, she would have been confined in jail and would have been entitled to jail-time credit. However, we find no rationale or provision for granting credit towards a sentence of incarceration in a penal institution for time spent free on bail, although on house arrest, while awaiting sentence. Accordingly, the assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN and CLOSE, JJ., concur.