The STATE of Ohio, Appellee,

v.

FAULKNER, Appellant.

[Cite as *State v. Faulkner* (1995), 102 Ohio App.3d 602.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–94–65.

Decided April 26, 1995.

---

*Jim Slagle,* Marion County Prosecuting Attorney, and *Craig Beidler,* Assistant Prosecuting Attorney, for appellee.

*Robert E. Wilson,* for appellant.

---

SHAW, Judge.

This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12, we hereby elect to issue a full opinion in lieu of a judgment entry.

Defendant-appellant, Eric Faulkner, appeals from the conviction and sentence entered against him by the Marion County Court of Common Pleas, following defendant's plea of guilty to the charge of receiving stolen property in violation of R.C. 2913.51(A).

In his appeal, defendant asserts the following sole assignment of error:

"The trial court erred in failing to credit appellant for the period of time he was confined pursuant to R.C. 2929.23 on electronically monitored house arrest."

The record reveals that on August 11, 1994, defendant was indicted on two counts of theft in violation of R.C. 2913.02(A)(1) and 2913.02(A)(1) and one count of forgery in violation of R.C. 2913.31(A)(3). On August 15, 1994, defendant pled not guilty to all charges set forth in the indictment. On August 19, 1994, defendant was ordered to be placed on electronic home monitoring under the supervision of the Marion County Adult Probation Department pending trial.

On November 22, 1994, the trial court dismissed the theft and forgery charges set forth in the initial indictment and defendant pled guilty to the amended charge of receiving stolen property in violation of R.C. 2913.51(A). On the receiving stolen property charge, defendant was sentenced to a definite term of one year incarceration in an appropriate Ohio penal institution. Defendant was subject to electronic home monitoring for a period of one hundred two days prior to his sentencing.

Defendant contends that he should be given credit toward his prison sentence for the time he "served" under electronic home monitoring. R.C. 2967.191, which governs jail-time credit, provides:

"The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the

prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

Thus, in order for defendant to receive credit toward his one year sentence, the period of his electronic home monitoring must be considered confinement within the meaning of R.C. 2967.191. The term "confinement," while not defined, is set forth in R.C. 2921.01(E), which defines "detention" as, "arrest; confinement in any vehicle subsequent to an arrest; confinement in any facility for custody of persons charged with or convicted of crime or alleged or found to be delinquent or unruly * * *. Detention does not include supervision of probation or parole, or constraint incidental to release on bail."

The record indicates that the trial court released defendant and placed him under electronic house arrest as a condition of his recognizance bond. Therefore, although defendant was placed under house arrest, he was nevertheless free on bond. In our view, defendant's court imposed electronic house arrest clearly constituted "constraint incidental to release on bail" pursuant to R.C. 2967.191.

Moreover, in *State v. Tyler* (1993), 90 Ohio App.3d 380, 381, 629 N.E.2d 488, 488–489, the Franklin County Court of Appeals found that a house arrest which was a condition of release from confinement pursuant to Crim.R. 46 was not tantamount to being confined subject to a sentence or order of the court. The court concluded:

"[W]e find no rationale or provision for granting credit towards a sentence of incarceration in a penal institution for time spent free on bail, although on house arrest, while awaiting sentence."

Similarly, we conclude that the defendant in the case *sub judice* was not subject to confinement or detention while awaiting trial and is therefore not entitled to any credit toward his sentence of incarceration for the one hundred two days he spent subject to electronic house arrest. See *State v. Brownlow* (1991), 75 Ohio App.3d 88, 598 N.E.2d 888. Defendant's sole assignment of error is overruled.

In summary, as defendant's sole assignment of error is overruled, the conviction and sentence entered by the Marion County Court of Common Pleas is affirmed.

For the reasons stated it is the order of this court that the judgment of the Marion County Court of Common Pleas be, and hereby is, affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.