This is an appeal from a Washington County Common Pleas Court judgment. The trial court found that Edward N. Casto, defendant below and appellant herein, violated the terms of his house arrest that the court previously had imposed upon appellant' s early release from the Southeast Probationary Treatment Alternative Center ("SEPTA"). As a result of appellant' s violation, the trial court sentenced appellant to fourteen months imprisonment for the original charge of processing of illegal drug documents, in violation of R.C. 2925.23(B). The trial court credited appellant's sentence with the time he spent at the Southeast Probationary Treatment Alternative Center ("SEPTA") and in the county jail, but did not credit appellant with the time spent under house arrest.
Appellant raises the following assignment of error for review:
 "THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT CREDIT FOR CONFINEMENT UNDER HOUSE ARREST."
Our review of the record reveals the following facts pertinent to the instant appeal. On August 25, 1997, the Washington County Grand Jury returned an indictment charging appellant with two counts of illegal processing of drug documents, in violation of R.C. 2925.23(B), (F)(1). At his arraignment, appellant entered a not guilty plea.
On December 1, 1997, appellant withdrew his plea of not guilty and entered a guilty plea to one count of illegal processing of drug documents. The state dismissed the second count. On January 21, 1998, the trial court sentenced appellant to five years of community control sanctions with the following conditions: (1) appellant serve six months in the Washington County Jail; and (2) appellant successfully complete the SEPTA program.
On August 28, 1998, the trial court released appellant from the SEPTA center due to appellant's "need of specialized medical treatment for a serious illness." The trial court directed appellant to report to the Washington County Adult Probation Department and placed appellant on house arrest. The trial court ordered appellant to re-enter SEPTA once his medical condition improved.
On September 22, 1998, a probation violation complaint was filed. The complaint alleged that appellant violated the terms of his house arrest by leaving his home without the probation department' s permission.
On November 17, 1998, the trial court found that appellant had violated the "Court-imposed condition of probation that, during the period of medical release from SEPTA, he be on house arrest at his residence, and that he not leave his home without permission and prior knowledge of the Adult Probation Department." The court sentenced appellant on the original charge of illegal processing of drug documents to fourteen months imprisonment with 236 days credit for time spent at SEPTA and in the county jail.
On January 27, 1999, appellant filed a motion for credit of confinement pursuant to R.C. 2967.191. Appellant argued that his sentence should be credited with the time spent under house arrest.
On March 3, 1999, the trial court denied appellant's request for credit for time spent under house arrest. The trial court reasoned that because it imposed the term of house arrest as a condition of probation rather than as part of an original sentence, no credit need be given. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant asserts that the trial court erred by failing to credit appellant's sentence for the time he spent under house arrest. Appellant argues that being under house arrest constitutes "confinement" for which credit must be given.
The state notes that the trial court did not impose the term of house arrest as a part of appellant's sentence. Rather, the court imposed the term of house arrest as a condition of probation. We agree with the state that because the trial court imposed the term of house arrest as a condition of release from SEPTA, no credit need be given.
It is well-established that a trial court must credit a defendant' s sentence for time spent in confinement for any reason arising out of the offense for which the sentence originally was imposed. See, generally, State v. Nagle (1986),23 Ohio St.3d 185, 293 N.E.2d 158, syllabus. R.C. 2967.191 provides:
 The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner' s competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner' s prison term.
Although R.C. 2929.01(T) and R.C. 2929.23(A)(4) define "house arrest" as a period of "confinement" and thus, arguably falls within R.C. 2967.191, courts have recognized that when house arrest is imposed as a condition of probation, credit need not be given. See State v. Faulkner (1995), 102 Ohio App.3d 602657 N.E.2d 602 (stating that credit need not be given for a term of house arrest imposed as a condition of recognizance bond) Bailey v.Chance (Sept. 18, 1998), Mahoning App. No. 98 CA 169, unreported (stating that a term of house arrest imposed as a condition of bail does not constitute confinement); State v. Setting (Mar. 20, 1996), Wayne App. No. 95 CA 0057, unreported (stating that a term of house arrest imposed as condition of probation or of bail does not constitute confinement for which credit must be given). Rather," [i]t is only when house arrest is imposed as part of a sentence that it is considered `detention' for crediting purposes." Id. (citing State v. Dubois (Nov. 9, 1994), Wayne App. No. 2885, unreported). Thus, as long as house arrest is not imposed as part of the original sentence, no credit need be given.[1]
In the case at bar, the trial court did not place appellant on house arrest as part of appellants s original sentence for illegal processing of drug documents. Instead, the trial court imposed the term of house arrest when appellant' s medical condition necessitated his early release from SEPTA. Thus, in accordance with the foregoing authorities and under the facts presented in the instant case, we agree with the trial court's conclusion that appellant was not entitled to credit for the time spent under house arrest.
Accordingly, based upon the foregoing reasons, we overrule appellant' s sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
[1] We find additional support in R.C. 2929.23(B)(2). The statute provides:
 If an eligible offender violates any of the restrictions or requirements imposed upon the eligible offender as part of the eligible offender' s period of electronically monitored house arrest, the eligible offender shall not receive credit for any time served on electronically monitored house arrest toward any prison term or sentence of imprisonment imposed upon the eligible offender for the offense for which the period of electronically monitored house arrest was imposed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment Opinion
Evans, J. Concurs in Judgment Only
For the Court
 BY: __________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.