OPINION
Lonell M. Holt is appealing from his sentence for possession of crack cocaine. Following his initial plea of not guilty on April 27, 1999, he was released on his own recognizance, but a condition of his release was that he be placed under Montgomery County's Electronic Home Detention Program (EHDP) whereby he was confined to his home, but with allowances for travel outside if approved in advance by the county Pretrial Services. The matter was set for trial, but before trial, Holt entered a plea of guilty and was sentenced by the court on October 1, 1999, to a term of two years imprisonment inter alia. In the termination entry filed October 6, 1999, the trial court granted appellant credit of fourteen days of actual jail time he had spent, but no mention was made of time spent under EHDP. Holt then promptly appealed and raises to us the following sole assignment of error:
 THE SENTENCING COURT ERRED BY FAILING TO CREDIT APPELLANT WITH THE TIME THAT HE SPENT IN CONFINEMENT PURSUANT TO THE EMDP.
There is a consistent line of appellate authority that house confinement with electronic monitoring, whether it is called "arrest" or "detention" or otherwise, is not assessable as credit time against imprisonment when it is a condition of bail prior to sentencing. State v. Shearer (Dec. 17, 1999), Wood App. No. WD98-078, unreported; ex parte Bailey v. Chance (Sept. 18, 1998), Mahoning App. No. 98 CA 169, unreported; State v. Faulkner (1995),102 Ohio App.3d 602; State v. Setting (Mar. 20, 1996), Wayne App. No. 95 CA 0057, unreported; State v. Tyler (1993), 90 Ohio App.3d 380.
In contrast, EHDP time served as part of the sentence is recognized as a form of "detention" for purposes of applying the escape statute, as this court has held. State v. Long (1992),82 Ohio App.3d 168. See also State v. Duke (Feb. 19, 1999), Fulton App. No. F-98-010, unreported, citing Long. On the other hand, this court has also held that EHDP is not equivalent to being held in jail in lieu of bail for speedy trial purposes. State v. Brown
(July 7, 1992), Montgomery App. No. 13155, unreported; State v.Truesdale (Dec. 15, 1995), Montgomery App. No. 15174, unreported.
Although it is not necessary to our decision, we have summarized the current law in this area of electronic detention for purposes of guidance in this district.
Holt makes an argument that he should be entitled to a credit for the time he was under electronic home detention based upon the fact that R.C. 2967.191 provides for a credit "by the number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced," while R.C. 2929.23(A)(4) provides that "`Electronically monitored house arrest' means a period of confinement of an eligible offender in the eligible offender's home or in other premises specified by the sentencing court. . . ." (Emphasis added in both of the above quoted parts of the Ohio Revised Code.) Because the Code uses the same root word, "to confine," in both statutes, Holt argues, his time spent under electronically monitored house arrest should be credited against his sentence of incarceration.
Holt's argument rests upon the assumption that, prior to his trial and conviction, he was under "electronically monitored house arrest," as that phrase is used in R.C. 2929.23(A)(4). Despite the statute's use of the word "arrest" in the phrase, it is clear from the provisions of R.C. 2929.23 that the phrase refers to a form of electronically monitored confinement in the home after
conviction. The above-quoted portion of R.C. 2929.23(A)(4) provides for electronically monitored house arrest as confinement of an eligible offender. The phrase "eligible offender" is defined in R.C. 2929.23(A)(3) as "a person who has been convicted of or pleaded guilty to any offense, . . . ." Furthermore, subdivisions (b) and (d) of R.C. 2929.23(A)(4) (the provision defining electronically monitored house arrest), both of which apply, in the conjunctive, refer to requirements imposed by "the sentencing court," which necessarily implies that this provision applies only to post-conviction detentions.
We are persuaded that the phrase "electronically monitored house arrest," as that phrase is defined in R.C. 2929.23(A)(4), is not intended to include pre-trial detention in the home by means of electronic monitoring. Therefore, Holt's argument based upon that section fails.
The assignment of error is overruled, and the judgment is affirmed.
BROGAN, and YOUNG, JJ., concur.