DECISION AND JUDGMENT ENTRY
Defendant-Appellant Brian Radcliff was arrested for violating the terms of his probation. Pending his probation revocation hearing, the trial court permitted appellant to be released on bond, on the condition he await trial under house arrest subject to electronic monitoring. At the probation revocation hearing, the trial court revoked appellant's probation and sentenced him to a definite term of three years incarceration, with credit for time served in the county jail.
Appellant now appeals claiming the trial court erred in not crediting appellant for the time spent on house arrest pending his hearing. In so doing, he cites two Ohio Revised Code provisions: (1) R.C. 2967.191, arguing that his prison term should be reduced by the number of days he was confined to electronically monitored house arrest pending his probation revocation hearing; and (2) R.C. 2929.01(HH), asserting that this section contemplates house arrest in its definition of "stated prison term."
We find the house arrest of appellant to have been a condition of bail rather than an order of confinement. Thus, it is not within the purview of R.C. 2967.191, as it was not in lieu of bail. Further, R.C. 2929.01(HH) does nothing in the way of adding to appellant's argument: house arrest while awaiting trial or a hearing is not contemplated in the definition of "stated prison term" of R.C. 2929.01. Rather, this provision refers only to a post-release control sanction to be implemented and administered by the Department of Rehabilitation and Corrections.
Accordingly, we hold that appellant is not entitled to credit against his sentence for time spent at home awaiting his probation revocation hearing.
 STATEMENT OF THE CASE
Our review of the record reveals the following facts pertinent to the instant appeal. On or about March 27, 1996, appellant and two other men violently forced their way into the residence of James Saunders. Once inside, the men assaulted Saunders: they kicked and punched him, hit him with a coffee table and a lamp, and pounded him with a baseball bat. Serious physical harm was caused to Saunders.
On April 26, 1996, the Vinton County Grand Jury indicted appellant on two counts: one count of felonious assault, a second-degree felony under former R.C. 2903.11(A)(1); and one count of aggravated burglary, a first-degree felony under R.C. 2911.11. On May 20, 1997, the two parties agreed to a plea bargain: appellee abandoned the aggravated burglary charge and appellant reciprocated by entering a guilty plea to the felonious assault charge. The Vinton County Court of Common Pleas sentenced appellant to an indefinite prison term of three to fifteen years.
On December 2, 1997, appellant submitted to the court a motion for "shock probation": a request for probation after the commencement of a prison term. The court granted the motion; appellant's prison term was commuted on the stipulation he comply with the terms of a five-year probationary period.
Between April and August of 1998, appellant tested positive for the use of marijuana on three separate occasions. On October 6, 1998, the Adult Parole Authority arrested appellant for violating the terms of his probation for the repeated use of the controlled substance.
On October 26, 1998, the state filed a motion to revoke appellant's probation. On November 4, 1998, the Vinton County Court of Common Pleas released appellant on $5,000 bond and implemented electronically monitored house arrest, releasing him from the county jail where he had been since October 6, 1998. While awaiting his probation revocation hearing, appellant was free to move about his home, but was not permitted to leave the premises. He was required to wear an electronic monitoring device that would send a telephonic alert if he attempted to leave his home.
Appellant's probation revocation hearing was held on January 12, 1999. The trial court revoked appellant's probation, vacated the original sentence, and sentenced him to a definite term of three years imprisonment with credit for the time he had spent in the county jail awaiting the probation revocation hearing.
Shortly thereafter, the Department of Rehabilitation and Corrections ("DRC") advised the trial court that the definite sentence it imposed did not comport with applicable sentencing guidelines. The DRC relied on an Ohio Supreme Court opinion, State v. Rush (1998), 83 Ohio St.3d 53,697 N.E.2d 634, which explained that the amended sentencing provisions of Am.Sub.S.B. No. 2 ("S.B. 2") applied only to those crimes committed on or after July 1, 1996. As appellant violated his probation for a crime committed on or about March 27, 1996, the DRC reasoned the trial court should have followed the sentencing provisions of former R.C. 2929.11. Former R.C. 2929.11 required an indefinite sentence for a second-degree felony conviction to be imposed rather than a definite sentence as S.B. 2 would have mandated.
On August 18, 1999, the trial court reviewed appellant's sentence. At the hearing, appellant proffered several arguments: that the hearing was barred by the doctrine of res judicata because the DRC brought the appeal, not the state; that the Ohio Revised Code requires an incorrectly imposed definite sentence to stand in the face of an objection that it should have been indefinite; and, finally, that appellant should receive sixty-nine days credit against the length of his sentence for the time he spent under house arrest while awaiting the January 12, 1999 probation revocation hearing.
The state conceded that the definite sentence should stand, but disputed the remaining allegations. The trial court found against appellant on the contested issues, and refused to modify the sentence. Appellant filed a timely appeal and brings a single assignment of error for our review:
 I. THE TRIAL COURT ERRED IN FAILING TO AWARD THE DEFENDANT-APPELLANT CREDIT FOR TIME SPENT ON ELECTRONICALLY MONITORED HOUSE ARREST PURSUANT TO O.R.C. § 2929.01(HH) [sic].
Appellant contends that this Court must reduce his sentence in accordance with two Ohio Revised Code provisions. First, appellant cites R.C. 2967.191 for the proposition that a prison term should be reduced by the number of days the prisoner was confined to house arrest while awaiting a hearing. Second, appellant argues that R.C. 2929.01(HH) contemplates house arrest in its definition of "stated prison term." We address these provisions seriatim.
 I.
We first consider R.C. 2967.191. The relevant portion of this statute states that "[t]he [DRC] shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined * * *, including confinement in lieu of bail while awaiting trial * * *." (Emphasis added.) R.C. 2967.191.
In the instant appeal, the lower court granted appellant's motion for release pending his probation revocation hearing, subject to two conditions. First, that he execute a $5,000 appearance bond; and second, that he await trial under house arrest subject to electronic monitoring.
The principal point of contention in this matter is the meaning to be assigned "confinement in lieu of bail"; to wit, whether appellant's house arrest while released on bond is confinement in lieu of bail for the purpose of this statute. In reaching this determination, two cases are of primary concern: State v. Faulkner (1995), 102 Ohio App.3d 602,657 N.E.2d 602, and State v. Tyler (1993), 90 Ohio App.3d 38,629 N.E.2d 488. These cases are discussed in turn.
In Faulkner, the defendant plead not guilty to the charges against him and was released under electronic home confinement to await trial. The trial court dismissed two of the charges, but convicted him of the third. At sentencing, the defendant argued that he should receive credit for time spent at home awaiting trial. The trial court refused to grant him the credit. On appeal, the Third District Court of Appeals held that the home confinement was a "constraint incidental to release on bail," rather than "confinement in lieu of bail." Faulkner,102 Ohio App.3d at 604, 657 N.E.2d at 603-604. Accordingly, the court held that the defendant was not entitled to credit for time served on house arrest.
We next turn to Tyler, a case cited by the Faulkner court. In Tyler, the Tenth District Court of Appeals found that house arrest as a condition of release from confinement pursuant to Crim.R. 46(C), was not tantamount to being confined subject to a sentence or order of the court. "[W]e find no rationale or provision for granting credit towards a sentence of incarceration in a penal institution for time spent free on bail, although on house arrest, while awaiting sentence." Tyler,90 Ohio App.3d 38, 629 N.E.2d 488. Further, there is strong recent support by Ohio appellate courts of the Faulkner and Tyler cases. SeeState v. Trifilio (July 2, 1998), Hamilton App. No. C-970681, unreported (First Appellate District); Bailey v. Chance (Sept. 18, 1998), Mahoning App. No. 98 CA 169, unreported (Seventh Appellate District); State v.Setting (Mar. 20, 1996), Wayne App. No. 95CA0057, unreported (Ninth Appellate District); State v. Shearer (Dec. 17, 1999), Wood App. No. WD-98-078, unreported (Sixth Appellate District).
Appellant, in the appeal sub judice, argues that the house arrest imposed is tantamount to confinement as discussed in the Faulkner-Tyler
line of cases; thus, appellant reasons, it should be applied to reduce his prison term. We emphatically disagree. The trial court clearlyconditioned appellant's bail on house arrest. Consequently, we adopt the well-reasoned analysis of the Faulkner and Tyler courts: house arrest as a condition of release from confinement is not equivalent to being confined subject to a sentence or order of the court.
Further, the distinction between "in lieu of" vis-a-vis "incidental to," is not unique as applied to R.C. 2967.191. For instance, Ohio courts have made the same differentiation in the context of the "triple-count provision" located in R.C. 2945.71(E). This provision states that "[for] each day during which the accused is held in jail in lieu of bail * * * shall be counted as three days." (Emphasis added.) R.C. 2945.71(E). The Second District Court of Appeals in State v. Truesdale (Dec. 15, 1995), Montgomery App. No. 15174, unreported, found that a defendant on house arrest while pending trial was not entitled to claim the benefit of the triple-count provision; the defendant was not "confined in lieu of bail," but rather, "constrained incidental to release on bail." (Emphasis added.) Id.; see, also, State v. Brownlow (1991), 75 Ohio App.3d 88,598 N.E.2d 888 (holding that a defendant on house arrest while pending trial was not entitled to the benefit of R.C. 2945.71(E)).
Similarly, in the appeal sub judice, R.C. 2967.191 specifically refers to "confinement in lieu of bail," not "constraint incidental to release on bail," which is the condition for which house arrest was imposed on appellant, in addition to the $5,000 appearance bond. Accordingly, we find the house arrest of appellant did not count against his prison term; it was plainly a condition of bail.
 II.
We next address R.C. 2929.01(HH). This provision defines "stated prison term" as follows.
 "[S]tated prison term" includes any credit received by the offender for time spent in jail awaiting trial, sentencing, or transfer to prison for the offense and any time spent under house arrest or electronically monitored house arrest imposed after earning credits pursuant to Section 2967.193 of the Revised Code.
(Emphasis added.) R.C. 2929.01(HH). Appellant makes the bald assertion that R.C. 2929.01 contemplates house arrest while awaiting a hearing as part of a stated prison term. Conversely, the state argues that "house arrest or electronically monitored house arrest" cannot be read in isolation. Rather, the last clause of the provision, "imposed after earning credits pursuant to Section 2967.193 of the Revised Code," is to be read as modifying "house arrest or electronically monitored house arrest." We find the state's argument persuasive. R.C. 2929.01(HH) specifically refers to R.C. 2967.193. This latter code section provides that individuals may earn credit while in prison. R.C. 2967.193 goes on to explain, in unambiguous terms, that if a prisoner is released because of earned credit, the DRC shall retain control over the person by means of appropriate post-release control sanctions until the end of the stated term. See R.C. 2967.193. Our reading of this provision in conjunction with R.C. 2929.01(HH) leads us to conclude that "house arrest or electronically monitored house arrest" is indeed dependent on the clause "imposed after earning credits pursuant to Section 2967.193 of the Revised Code"; that is, house arrest, as contemplated by the Ohio legislature, is a post-release control sanction to be implemented and administered by the DRC.
Moreover, the term "house arrest or electronically monitored house arrest" is conspicuously set off from the clause "time spent in jailawaiting trial." It does not follow that the General Assembly intended R.C. 2929.01(HH) to apply to house arrest while awaiting trial. Had they intended this, they certainly would not have separated the two clauses as they have done; notwithstanding the dependent clause, "imposed after earning credits pursuant to Section 2967.193 of the Revised Code."
Summarily, it is the view of this Court that R.C. 2929.01(HH) does not apply to house arrest or electronically monitored house arrest while awaiting a trial or hearing. Therefore, this provision cannot be construed as authority for the proposition that house arrest while awaiting a hearing should reduce a stated prison term.
 CONCLUSION
We find the electronically monitored house arrest of Appellant while he awaited his probation revocation hearing to have been a condition of his bail, not an order of confinement. Accordingly, it is not within the purview of R.C. 2967.191. Further, we hold that house arrest while awaiting a trial or hearing is not contemplated in the definition of "stated prison term" in R.C. 2929.01. Consequently, appellant is not entitled to credit against his sentence for time spent at home awaiting his probation revocation hearing.
Therefore, we OVERRULE appellant's sole assignment of error and AFFIRM the decision of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment and Opinion.
 _____________________________ David T. Evans, Judge