OPINION
Defendant-appellant Tadd M. Studer appeals from the May 25, 2000, Judgment Entry of the Stark County Court of Common Pleas denying his Motion for Credit for Time Served. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On February 28, 2000, the Stark County Grand Jury indicted appellant on three counts of aggravated vehicular assault in violation of R.C. 2903.08, felonies of the fourth degree, and one count of driving under the influence in violation of R.C. 4511.19)(A)(1), a misdemeanor of the first degree. The three counts of aggravated vehicular assault each were accompanied by driving under the influence specifications. At his arraignment on March 3, 2000, appellant entered a plea of not guilty to the charges contained in the indictment. Thereafter, on May 3, 2000, appellant, who had executed a written waiver of his speedy trial rights, entered a plea of guilty to all of the charges contained in the indictment. As memorialized in a Judgment Entry filed on May 9, 2000, the trial court then sentenced appellant to prison for eleven months on Count One and Two (both aggravated vehicular assault with DUI specifications), to seventeen months in prison on the remaining count of aggravated vehicular assault with a DUI specification (Count Three), and to six months in jail on the charge of driving under the influence (Count Four). The trial court further ordered that Counts One, Two and Four be served concurrently with each other but consecutively to Count Three for an aggregate prison sentence of twenty eight months. In addition, appellant's driver's license was suspended for life and appellant was ordered to pay a $250.00 fine. After the imposition of sentence, appellant orally requested on the record that he be given credit for the period of time that appellant was on house arrest. However, the trial court denied appellant' s request on the record. Subsequently, on May 17, 2000, appellant filed a Motion for Credit for Time Served. Appellant, in his motion, specifically sought credit for the time that he spent on "electronically monitored house arrest while awaiting a resolution of this case." Appellant, following his initial appearance in Municipal Court, had been placed in the pretrial release program and placed on electronically monitored house arrest. However, the trial court, pursuant to a Judgment Entry filed on May 25, 2000, denied appellant's motion, holding as follows: The Court finds that said monitored house arrest does not qualify for jail time credit pursuant to O.R.C. 2949.08. The Court, therefore, denies the request for jail time credit for the house arrest issued as part of the pretrial release in this matter. The Court finds that house arrest does not constitute confinement pursuant to O.R.C. 2949.08. The Court finds that this matter shall constitute a final, appealable order for purposes of defendant contesting this ruling.
It is from the trial court's May 25, 2000, Judgment Entry that appellant now prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN DENYING THE APPELLANT JAIL TIME CREDIT FOR THE PERIOD THAT HE SPENT ON HOUSE ARREST.
 I
Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion for Credit for Time Served. Appellant specifically contends that he should have received jail time credit for the time that he spent on electronically monitored house arrest following his initial appearance in Municipal Court. As is stated above, following such appearance, appellant was placed in the pretrial release program and placed on house arrest. R.C. 2967.191 requires that a defendant receive credit for time that he was confined for any reason arising out of the offense for which he was convicted and sentenced. Such section states as follows: The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
Although "house arrest" is defined in R.C. 2929.01(S) as a "period of confinement", courts have held that a term of electronic house arrest imposed as a condition of bail does not constitute confinement. See State v. Faulkner (1995), 102 Ohio App.3d 602 and State v. Tyler (1993),90 Ohio App.3d 380, 381. As noted by the court in Faulkner, supra.: [I]n order for defendant to receive credit toward his one year sentence, the period of his electronic home monitoring must be considered confinement within the meaning of R.C. 2967.191. The term "confinement," while not defined, is set forth in R.C. 2921.01(E), which defines "detention" as "arrest; confinement in any vehicle subsequent to an arrest; confinement in any facility for custody of persons charged with or convicted of crime or alleged or found to be delinquent or unruly * * *. Detention does not include supervision of probation or parole, or constraint incidental to release on bail."
The record indicates that the trial court released defendant and placed him under electronic house arrest as a condition of his recognizance bond. Therefore, although defendant was placed under house arrest, he was nevertheless free on bond. In our view, defendant's court imposed electronic house arrest clearly constituted "constraint incidental to release on bail" pursuant to R.C. 2967.191.
Id. at 604. (Emphasis added). In the case sub judice, we also find that appellant's court imposed electronically monitored house arrest constituted "constraint incidental to release on bail." See Faulkner, supra. Appellant, therefore, was not entitled to credit for time that he served under house arrest. During such time, appellant had liberties that the would not have had had he been placed in jail rather than on house arrest. Appellant's sole assignment of error is, therefore, overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By Edwards, J. Gwin, P.J. and Wise, concurs