OPINION
{¶ 1} Defendant-appellant John Sullivan appeals the decision of the Columbiana County Common Pleas Court which denied his motion for reduction of his prison term. The issue before us is whether "confinement," as used in the statute dealing with credit for time served, includes time released on bail pending trial. For the following reasons, we find that it does not, and we affirm the judgment of the trial court.
 {¶ 2} Appellant was indicted on one count of burglary and then charged with eight counts of receiving stolen property. On January 9, 1998, appellant's bail was set at $10,000, but he was released on his own recognizance. Appellant pled guilty to all charges. On September 25, 1998, appellant was sentenced to four years on the burglary count and six months on each of the other counts to run concurrently. The sentencing entry noted six days credit for time served. Appellant did not file a direct appeal concerning his conviction and sentence.
 {¶ 3} On November 11, 2001, appellant filed a motion for reduction of his prison term. He argued that the time spent on bail before his plea and sentence was "confinement" for purposes of awarding credit for time served. He asked for two hundred sixty days credit. The within appeal is the result of the trial court's denial of this motion. Appellant's sole pro se assignment of error contends that the trial court erred in denying his motion for reduction of his prison term.
 {¶ 4} Pursuant to R.C. 2967.191, a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." See, also, R.C. 2949.08(B) and (C). Appellant believes that when he was released on his own recognizance pending trial, he was confined since the conditions of bail restricted him.
 {¶ 5} Firstly, we note that, contrary to his contentions, the only condition of bail that is discernible from the recognizance form is that he appear at all court dates. Secondly, appellant should have appealed this issue at the time of his sentencing as the entry clearly states that appellant is entitled to six days of credit for time served. Thirdly, appellant's argument is wholly without merit. We base this pronouncement on prior case law from this court and other appellate districts, the language of the statute, and common logic.
 {¶ 6} The case of State v. Shade (Feb. 22, 1995), 2nd Dist. No. 94-CA-91 is directly on point. Shade argued that she should be given "dead time" credit pursuant to R.C. 2967.191 for time spent on bail before and after her trial. She argued that she was "confined" because she was not permitted to leave Greene or Montgomery Counties without prior approval of the Probation Department. The appellate court found her argument to be without merit.
 {¶ 7} Moreover, multiple courts have resolved the issue when addressing a more extreme bond condition, that of electronic house monitoring. These courts hold that when electronic house arrest is a condition of bail, there is no confinement for purposes of receiving credit for time served. State v. Radcliff (Dec. 19, 2000), 4th Dist. No. 99CA535; State v. Shearer (Dec. 17, 1999), 6th Dist. No. WD-98-078; Statev. Trifilio (July 2, 1998), 1st Dist. No. C-970681; State v. Setting
(Mar. 20, 1996), 9th Dist. No. 98CA169; State v. Faulkner (1995),102 Ohio App.3d 602 (3rd Dist.); State v. Tyler (1993), 90 Ohio App.3d 380
(10th Dist.). This court has voiced its agreement with these holdings.Bailey v. Chance (Sept. 19, 1998), 7th Dist. No. 98CA169 (time spent on electronic house arrest during stay pending appeal does not count towards prison term reduction). We also note that the Ohio Supreme Court has interpreted the confinement language of R.C. 2949.08(C) and the examples of confinement listed and concluded that confinement requires severe restraint of freedom of movement so that the person cannot leave official custody. State v. Nagle (1986), 23 Ohio St.3d 185, 186-87 (holding that an offender's sentence to a rehabilitation center for eighteen months was a condition of probation rather than confinement and would not count as credit for time served when he later violated probation).
 {¶ 8} Furthermore, if the legislature intended R.C. 2967.191 to cover time spent on bail, it would have stated this rather than using the obvious example of confinement in lieu of bail. According to the Legislative Service Commission's 1973 notes to R.C. 2967.191, the purpose of the statute is to avoid discrimination against poor offenders who cannot post bail and to decrease the incidence of "dead time" by giving credit for time spent in jail pending trial. It is clear to this court that appellant's analysis is misdirected.
 {¶ 9} Being released on one's own recognizance with the condition of returning to court for disposition is just not confinement. Appellant should note that a legal dictionary is a secondary source, not a primary source. If appellant's piecemeal construction of various definitions represented the true state of the law, then every single person who is on bail pending trial would get credit for every single day that passes prior to sentencing, and thus, all defendants would beg for bail to be imposed (even where the court would normally release them without requiring bail), waive their speedy trial rights, seek multiple continuances for every stage of the proceedings in the trial court, and then (if they receive a stay pending appeal) drag out their appeal as long as possible in order to eradicate their sentence prior to it even being imposed. Appellant's argument is without merit.
 {¶ 10} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.