DECISION AND JUDGMENT ENTRY
{¶ 1} Osaigbovo Oshodin appeals his cruelty to animals conviction from the Toledo Municipal Court. Because we conclude that by entering a no contest plea, Oshodin waived appeal on the trial court's rulings on his motion to dismiss and on the state's motion in limine, we affirm.
 {¶ 2} Oshodin was charged with cruelty to animals, a violation of Toledo Municipal Code 505.07(a)(1), later amended to R.C. 959.13(A)(1), an equivalent section under the Ohio Revised Code. Oshodin's dog had been killed with a 25 pound weight and a machete. On December 3, 2002, he filed a motion to dismiss arguing that he did not have the requisite mental state to commit cruelty to animals because he was participating in a ritual sacrifice of his dog. Oshodin did not raise any constitutional issues at that time; he merely stated that he killed his dog because of his religious beliefs. The motion was denied. On February 28, 2003, the prosecution filed a motion in limine to exclude any discussion of Oshodin's religious beliefs as a defense to animal cruelty. After a hearing, the court granted the state's motion in limine. Ultimately, Oshodin entered a no contest plea and was found guilty. He now appeals the trial court's denial of his motion to dismiss and granting of the state's motion in limine.
 Assignments of Error
"1. The trial court erred in failing to dismiss the charge against defendant for allegedly violating O.R.C. 959.13(A) where the statute completely denies any defendant the ability to exercise the religious practice of sacrifice, this pursuant to Section 7, Article I of the Ohio Constitution and the United States Constitution, First and 14th Amendments."
"2. The trial court abused its discretion when it granted the motion in limine filed by the state which prohibited the use of a religious defense to an animal cruelty charge."
 Oshodin's First and Second Assignments of Error {¶ 3} Despite their phrasing, both assignments of error concern the effect of a no contest plea on a court's pretrial rulings. We determine that in entering a no contest plea and failing to preserve the issues for review, Oshodin cannot argue them on appeal. This includes the constitutional issue that he raises for the first time on appeal.
 {¶ 4} Oshodin waived his right to trial on the animal cruelty charge. By entering a no contest plea, he waived any error that could have been alleged concerning the court's ruling on the motion to dismiss. State v. Brown (Apr. 26, 1999), Athens App. Nos. 98 CA 14, 98 CA 15; State v. Fair (Nov. 16, 1987), Pickaway App. No. 86 CA 24; See, R.C. 2937.06, R.C. 2937.04. Compare, State v. Lewis (July 30, 1999), Mahoning App. No. 97 CA 161. The same holds true even when the error complained of is the statute's unconstitutionality,[1] especially when, as here, the unconstitutionality of the statute was not argued at the trial level. State v. Awan (1986), 22 Ohio St.3d 120, at the syllabus; State v. 1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170-171. Such an issue will not be reviewed when it is raised for the first time on appeal. State v. Estis (June 11, 1999), Lucas App. No. L-98-1373.
 {¶ 5} Motions in limine are reviewed under a similar standard when a no contest plea is entered. State v. Gabel (1991),75 Ohio App.3d 675, 677-678; State v. Lamb, 3rd Dist. No. 6-02-03, 2002-Ohio-4692, at ¶ 4-6. Compare, State v. Engel
(1996), 74 Ohio St.3d 525, 528-530 (Resnick, J., concurring). When a litigant receives an adverse ruling on a motion in limine, it is that person's obligation to renew the objection at a trial to preserve the issue for appeal. Monroeville v. McClanahan
(Mar. 6, 1992), Huron App. No. H-91-21. The exception is when the trial court holds a hearing on the motion in limine that is procedurally similar to a suppression hearing, including the calling and cross-examining of witnesses. State v. Ulis (1992),65 Ohio St.3d 83, 85-86. Compare, State v. Dugan (June 19, 1998), Erie App. No. E-97-118. That, however, did not occur at Oshodin's hearing.
 {¶ 6} Once Oshodin pled no contest to the animal cruelty charge, any exception he had to the statute was waived. The same is true for his motion in limine. Nothing in the record indicates that Oshodin preserved either of his objections to the trial court's rulings before he entered his no contest plea. As a result, there is nothing to appeal. Both of the assignments of error are found not well-taken.
 {¶ 7} Since substantial justice was done to appellant, the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
Handwork, P.J., Pietrykowski, J., Lanzinger, J., concur.
[1] While the constitutional claim will not be addressed here, the United States Supreme Court has indicated that it could be raised in an appropriate case. Church of the Lukumi Babalu Ayev. City of Hialeah (1993), 508 U.S. 520.