{¶ 1} Marvin Sutton appeals his conviction for escape from the Lucas County Court of Common Pleas. Because we conclude that when Sutton was on pre-trial electronic monitoring he was not in detention and, therefore, could not be convicted of escape, we reverse.
 {¶ 2} On January 6, 2003, Sutton had been placed on a supervised own recognizance bond with a condition of electronic monitoring to ensure his appearances on charges of burglary and felonious assault, both second degree felonies. He appeared for court as required on January 17, 2003, and the matter was scheduled for a further pre-trial on January 30, 2003. Sometime on January 17, 2003, Sutton removed his ankle bracelet and left his home without permission of the electronic monitoring department. He was indicted January 28, 2003 for the second degree felony of escape, a violation of R.C. 2921.34. Sutton filed a motion to dismiss arguing that he was not under detention while on the pre-trial bond condition of electronic monitoring. The trial court denied this motion on March 7, 2003, and consequently, Sutton pled no contest on March 13, 2003. The plea was accepted, and Sutton was sentenced to three years of community control on April 17, 2003.
 {¶ 3} Sutton now appeals and raises a sole assignment of error: "Defendant-Appellant's conviction for escape is not supported by the evidence and is contrary to law."
 {¶ 4} Initially, we note that, normally, when a defendant enters a no contest plea, any error is waived that could have been alleged concerning the trial court's denial of a motion to dismiss. State v. Oshodin, 6th Dist. No. L-03-1169, 2004-Ohio-1186, at ¶ 4. When it is clear from the record that the express purpose for the no contest plea is to appeal the trial court's denial of the motion to dismiss, an appellate court may review the trial court's decision. State v. Dumas (1990),68 Ohio App.3d 174, 176; State v. Lewis (July 30, 1999), Mahoning App. No. 97 CA 161. The standard of review in such a case is de novo. State v. Webb (Nov. 30, 2001), Lucas App. No. L-01-1007. Contra, State v. Wantz, 11th Dist. No. 2002-G-2482, 2003-Ohio-7203; State v. Carter (June 16, 2000), Hamilton App. No. C-99-914; Cleveland v. Criss (Dec. 10, 1998), Cuyahoga App. No. 72862; State v. Zawacki (July 11, 1997), Montgomery App. No. 16177 (grant or denial of a motion to dismiss is reviewed under an abuse of discretion standard).
 {¶ 5} Sutton argues that he could not be convicted of escape when he breached his condition of pre-trial electronic monitoring because such a condition is not detention.
 {¶ 6} A key element for prosecuting escape is whether the alleged offender is "under detention." R.C. 2921.34(A)(1), the escape statute, provides: "No person, knowing the person isunder detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement." (Emphasis added.)
 {¶ 7} R.C. 2921.01(E) defines detention: "`Detention' means arrest; confinement in any vehicle subsequent to an arrest;confinement in any public or private facility for custody ofpersons charged with or convicted of crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States; hospitalization, institutionalization, or confinement in any public or private facility * * *; confinement in any vehicle for transportation to or from any facility of any of those natures; detention for extradition or deportation; except as provided in this division, supervision by any employee of any facility of any of those natures that is incidental to hospitalization, institutionalization, or confinement in the facility but that occurs outside the facility; supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution; or confinement in any vehicle, airplane, or place while being returned from outside of this state into this state by a private person or entity pursuant to a contract * * *. For a person confined in a county jail who participates in a county jail industry program pursuant to section 5147.30 of the Revised Code, `detention' includes time spent at an assigned work site and going to and from the work site." (Emphasis added.)
 {¶ 8} Electronic monitoring is not specifically included within the definition of detention. Former R.C. 2921.01(E), in effect for offenses committed before July 1, 1996, concluded with the following sentence: "Detention does not include supervision of probation or parole, or constraint incidental to release on bail." The state relies heavily on the omission of this sentence from the current definition. However, the changed statutory language must be read as it now exists. The rules governing statutory construction demand this because "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A).
 {¶ 9} Electronic monitoring, however, was defined in Ohio's sentencing statute. R.C. 2929.23, in effect until January 1, 2004, expressly stated that "electronically monitored house arrest" meant a "period of confinement of an eligible offender in the eligible offender's home or in other premises specified by the sentencing court * * *." R.C. 2929.23(A)(4). An "eligible offender" meant a "person who has been convicted of or pleaded guilty to any offense" with a few exceptions, none of which apply here. R.C. 2929.23(A)(3).
 {¶ 10} Former R.C. 2929.23 focused on those serving terms of incarceration and did not apply to electronic monitoring as a condition of bail under Crim.R. 46. Therefore, Sutton's pre-trial status is crucial to the outcome here. He had not been convicted when he was placed on electronic monitoring; rather, it was a condition of his bond.
 {¶ 11} When electronic monitoring is a condition of sentence, it is considered it to be "detention" under R.C. 2921.01(E).State v. Duke (Feb. 19, 1999), Fulton App. No. F-98-010; Statev. Luikart (May 8, 1996), Marion App. No. 9-95-57; State v.Long (1992), 82 Ohio App.3d 168, 170-171. This court has affirmed escape convictions for electronic monitoring violations occurring after sentence. State v. Duke (Feb. 19, 1999), Fulton App. No. F-98-010. Accord, State v. Conyers (July 17, 1998), Lucas App. No. L-97-1327 (defendant on a condition of parole when he escaped). Other appellate courts have agreed with that finding and recognized that those violating postconviction electronic monitoring can be prosecuted for escape. State v.Luikart (May 8, 1996), Marion App. No. 9-95-57 and State v.Long (1992), 82 Ohio App.3d 168, 170-172.
 {¶ 12} Pre-trial electronic monitoring at home is different from house arrest or electronic monitoring after conviction. A defendant receives no credit for time served before trial under R.C. 2967.191[1] or R.C. 2949.08(C)(1)[2] while on pre-trial electronic monitoring, and requests for time credit that argued that pre-trial electronic monitoring is "confinement in lieu of bail awaiting trial" have been denied on the ground that pre-trial electronic monitoring is not detention. State v.Sullivan, 7th Dist. No. 01 CO 66, 2002-Ohio-5225; State v.Radcliff, 4th Dist. No. 99CA535, 2000-Ohio-2012; State v.Holt (May 12, 2000), Montgomery App. No. 18035; State v.Shearer (Dec. 17, 1999), Wood App. No. WD-98-078; State v.Peters (May 13, 1999), Licking App. Nos. 98-CA-00118, 98-CA-00119; Bailey v. Chance (Sept. 18, 1998), Mahoning App. No. 98 CA 169; State v. Setting (Mar. 20, 1996), Wayne App. No. 95CA0057; State v. Faulkner (1995), 102 Ohio App.3d 602,604.[3]
 {¶ 13} The term "confinement" as used in the time crediting statutes R.C. 2967.191 and R.C. 2949.08(C)(1), furthermore, has been deemed synonymous with the term "detention" as defined in R.C. 2921.01(E). State v. Faulkner (1995), 102 Ohio App.3d 602,604 (R.C. 2967.191); State v. Setting (Mar. 20, 1996), Wayne App. No. 95CA0057 (R.C. 2949.08(C)(1)). Since "confinement" has no separate definition within the criminal code, the word "detention" has been used as a substitute. State v. Setting
(Mar. 20, 1996), Wayne App. No. 95CA0057; State v. Faulkner
(1995), 102 Ohio App.3d 602, 604.
 {¶ 14} Therefore, a person not under detention/confinement while awaiting trial does not obtain credit for time served. Pre-trial electronic monitoring does not count as custody time for speedy trial purposes under R.C. 2945.71[4] either.State v. Radcliff, 4th Dist. No. 99CA535, 2000-Ohio-2012;State v. Holt (May 12, 2000), Montgomery App. No. 18035; Statev. Truesdale (Dec. 15, 1995), Montgomery App. No. 15174; Statev. Brown (July 7, 1992), Montgomery App. No. 13155; State v.Brownlow (1991), 75 Ohio App.3d 88, 91-92.
 {¶ 15} Only one district has ruled that pre-trial electronic home monitoring is detention and one who violates it can be convicted for escape. State v. West (Aug. 21, 1998), Montgomery App. No. 16888.[5] Later decisions by that district have rejected that position. State v. Holt (May 12, 2000), Montgomery App. No. 18035. We have determined that a defendant's pre-trial "period of electronic home monitoring clearly does not equate to confinement in [jail]." State v. Shearer (Dec. 17, 1999), Wood App. No. WD-98-078, citing Bailey v. Chance (Sept. 18, 1998), Mahoning App. No. 98 CA 169. Other appellate courts concur. State v. Kyser (Aug. 10, 2000), Mahoning App. No. 98 CA 144; State v. Peters (May 13, 1999), Licking App. Nos. 98-CA-00118, 98-CA-00119. Additionally, it is commonly held that pre-trial electronic monitoring is a condition of bond. State v.Kyser (Aug. 10, 2000), Mahoning App. No. 98 CA 144; Akron v.Stutz (Nov. 1, 2000), Summit App. No. 19925; State v. Peters
(May 13, 1999), Licking App. Nos. 98-CA-00118, 98-CA-00119;State v. Setting (Mar. 20, 1996), Wayne App. No. 95CA0057;State v. Faulkner (1995), 102 Ohio App.3d 602, 604.
 {¶ 16} If pre-trial electronic monitoring is not detention for crediting purposes, it is not detention for prosecuting the crime of escape. The Supreme Court of the United States, Reno v.Koray (1995), 515 U.S. 50, 57, 61 fn.4, as well as other federal and state courts, Dawson v. Scott (C.A. 11, 1995), 50 F.3d 884,890 fn. 10; Bush v. State (1999), 338 Ark. 772, 778-780; Statev. Magnuson (2000), 233 Wis.2d 40, 49, 51, 56; State v.Tackett (2002), 259 Wis.2d 481, at ¶ 10, have held that if a defendant is not entitled to a sentence credit for time served on pre-trial electronic monitoring, that individual may not be prosecuted for escape. Likewise, other state courts have ruled that if an individual can be prosecuted for escape in the pre-trial context, that individual is also entitled to sentence credit for time he or she spent on pre-trial electronic monitoring. People v. Pottorff (1996), 47 Cal.App. 4th
1709, 1716-1717; Dedo v. State (1996), 343 Md. 2, 11-13;Spriggs v. State (2003), 152 Md. App. 62, 66-67; Toney v.State (2001), 140 Md. App. 690, 695; State v. Guillen (2001),130 N.M. 803, 804, 806; State v. Martinez (1998), 125 N.M. 83,84-85; State v. Fellhauer (1997), 123 N.M. 476, 481; State v.Ammons (1998), 136 Wn.2d 453, 459; State v. McCullough
(Wash.App. 2003), Spokane App. Nos., 21180-1-III, 21181-9-III. Only a few courts allow for an individual to be prosecuted for escape and yet be denied sentence credit for electronic monitoring time spent pre-trial. Grabarczyk v. State (Ind.App. 2002), 772 N.E.2d 428, 431-432; Buford v. Commonwealth (Ky.App. 2001), 58 S.W.3d 490, 491-492.
 {¶ 17} Sutton's electronic monitoring was not a sentencing condition; it was a pre-trial condition of bond. As a condition of bond, it does not constitute detention. Without detention, one cannot be convicted of escape. Such conclusions logically follow from treatment of pre-trial electronic monitoring for the purposes of credit for time served and speedy trial.
 {¶ 18} The trial court and the prosecution, however, are not rendered powerless by this decision because if a defendant violates bond conditions, the trial court has the power to revoke the bond and take other steps to assure a defendant's compliance. As we stated in State v. Shearer: "Placing conditions on bond is a power specifically granted to the trial court under Crim.R. 46." State v. Shearer (Dec. 17, 1999), Wood App. No. WD-98-078, citing Bailey v. Chance (Sept. 18, 1998), Mahoning App. No. 98 CA 169. Also, the trial court may determine what the conditions of a bond are. Id. "Crim.R. 46(I) specifically states `if there is a breach of condition of bond, the court may amend the bail.' R.C. 2937.35 states `upon the failure of the accused * * * to appear in accordance with its terms the bail may in open court be adjudged forfeit.' (Emphasis added.) Pursuant to Crim.R. 46 and R.C. 2937.35 the trial court has the authority to order a forfeiture of bond for the violation of a condition of a bond `even where no failure to appear has occurred.' State v.McLaughlin (1997), 122 Ohio App.3d 418, 422-423." Akron v.Stutz (Nov. 1, 2000), Summit App. No. 19925. (Emphasis in original.) Therefore, a defendant who does not comply with electronic monitoring requirements during the pendency of a case may face sanctions other than escape.
 {¶ 19} Based on the foregoing, we find Sutton's sole assignment of error well-taken. The judgment of the Lucas County Court of Common Pleas is reversed, and Sutton's escape charge is dismissed with prejudice. Appellee is ordered to pay the costs of this appeal.
Judgment Reversed.
Handwork, P.J., Lanzinger, J., Singer, J., concur.
[1] R.C. 2967.191 states:
"The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bailwhile awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." (Emphasis added.)
[2] R.C. 2949.08(C)(1) states:
"If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody * * * by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaitingtrial, confinement for examination to determine the person's competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where the person is to serve the sentence." (Emphasis added.)
[3] Compare, State v. Trifilio (July 2, 1998), Hamilton App. No. C-970681 and State v. Tyler (1993), 90 Ohio App.3d 380,381. (detention is not present in cases of pre-trial house arrest where electronic monitoring is not present).
[4] R.C. 2945.71(E) states:
"For purposes of computing time * * *, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."
[5] While two of our cases involved a similar issue, neither case presented the current issue now on appeal. State v. Ronau
(Oct. 8, 1999), Lucas App. Nos. L-98-1405, L-98-1405, L-99-1030, L-99-1031; Coci v. Telb (Apr. 28, 1999), Lucas App. No. L-99-1137.