JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
After pleading no contest to criminal trespassing, a fourth-degree misdemeanor, defendant-appellant Mark Downey was sentenced to a jail term of 30 days. Under R.C. 2929.51(A), the court suspended that sentence, with credit for 5 days served, and imposed one year of community control, with the conditions that Downey stay away from the victim and that he be placed on electronically monitored house arrest, "at least at this time." Downey timely appeals his sentence, bringing forth two assignments of error. For the following reasons, we affirm the trial court's judgment.
In his first assignment of error, Downey argues that his sentence is improper "because the deprivation of liberty imposed on [him] exceeds the maximum that the state legislature intended for this offense." Because the maximum term of imprisonment for a fourth degree misdemeanor is 30 days, Downey maintains that his electronically monitored house arrest may only last 30 days, and not one year as his current sentence provides.[1] We disagree.
After reviewing the relevant sentencing statutes, we hold that Downey's sentence is proper. R.C. 2929.25(A)(1)(b) permits a trial court to impose a jail term upon an offender convicted of a misdemeanor and then suspend all or a portion of that term and place the offender under community-control sanctions. R.C.2929.27(A)(2) permits a sentencing court to impose a term of house arrest with electronic monitoring as a nonresidential community-control sanction on an offender convicted of a misdemeanor. Community-control sanctions may last up to five years.[2] Downey's community control, which included a term of electronically monitored house arrest, was limited to one year, at the most.
Downey argues that the state legislature intended to equate house arrest with time spent in jail. He cites to sentencing statutes relevant to convictions for driving while intoxicated, which allow a sentencing court to replace mandatory jail time with a term of electronically monitored house arrest after a finding that there is unavailable space in the local jail. When this occurs, the term of electronically monitored house arrest may not exceed the mandatory jail time. Simply because the statute governing sentencing for driving under the influence provides that a term of house arrest may not exceed the mandatory jail term does not mean that the state legislature intended to equate house arrest, when imposed as a condition of community control, to jail time.
In State v. Salter,[3] the Eighth Appellate District held that a term of electronically monitored house arrest imposed as a condition of community control could not be credited as time served against the mandatory one-year jail term for driving while intoxicated. The court reasoned that when a term of house arrest is imposed as a condition of community control, rather than as part of a sentence, the offender is not entitled to credit for time served.[4] Other courts have agreed that when house arrest is imposed for anything other than an actual sentence of confinement, the defendant is not entitled to credit for time served.[5]
Because Downey's term of electronically monitored house arrest was not his actual sentence of confinement, but a condition of his community control, he was not entitled to credit toward his actual suspended sentence. Additionally, because community-control sanctions may last up to five years, it is reasonable to conclude that the state legislature must have intended to give sentencing courts a limited way to retain control over offenders convicted of misdemeanors for a period longer than the authorized maximum jail term. We note that, inSalter, the Eighth Appellate District held that the sentencing court had not abused its discretion in sentencing Salter to community control, with the condition that he serve a six-month term of electronically monitored house arrest, following a mandatory one-year jail term, when the sentencing court "could reasonably conclude that the defendant required more stringent community control sanctions."
Here, it is reasonable to conclude that the trial court believed that Downey needed a "stringent" community-control sanction (electronically monitored house arrest for up to one year) in light of the victim's comments that she was afraid for her physical safety.
Upon a thorough review of the record, we hold that the trial court did not abuse its discretion in sentencing Downey to community control, with the condition that he serve a term of electronically monitored house arrest for up to one year. The first assignment of error is overruled.
In his second assignment of error, Downey argues that R.C.2929.25, which permits a sentencing court to impose a term of electronically monitored house arrest as a condition of community control, is unconstitutional on its face. Downey maintains that an offender convicted of a fourth-degree misdemeanor could potentially be sentenced to five years of electronically monitored house arrest, as a condition of community control, which would be a punishment disproportionate to the crime. Because Downey was not sentenced to five years of community control with such a condition, we overrule this assignment of error.
Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] See R.C. 2929.24(A)(4).
[2] See R.C. 2929.25(A)(2).
[3] (July 27, 2000), 8th Dist. No. 76598.
[4] Id., citing State v. Dubois (Nov. 9, 1994), 9th Dist. No. 2885.
[5] See State v. Faulkner (1995), 102 Ohio App.3d 602, 604,657 N.E.2d 602 (stating that credit need not be given for a term of house arrest imposed as a condition of a recognizance bond);State v. Radcliffe, 4th Dist. No. 99 CA535, 2000-Ohio-2012 (stating that credit need not be given for a term of electronically monitored house arrest imposed as a condition of bail); see, also, State v. Trifilio (July 2, 1998), 1st Dist No. C-970681.