OPINION
{¶ 1} This is an appeal from a conviction and sentence for involuntary manslaughter and aggravated robbery. For the following reasons, we affirm the judgment of the Franklin County Court of Common Pleas.
 {¶ 2} On January 14, 2003, Alaphonso Sanders was shot to death during a robbery. On September 15, 2004, an indictment was returned by the Franklin County Grand Jury. Reginald Raymond Trice and David Shane Lynch ("appellant"), were charged with murder, R.C. 2903.02, committed during the course of aggravated robbery, and a second count of aggravated robbery, R.C. 2911.01. A third count charged appellant with having a weapon while under disability, R.C. 2923.13. The first two counts included specifications that Trice and appellant used a firearm to commit the murder and aggravated robbery. R.C. 2941.145. Count three alleged that appellant possessed the firearm after having been convicted of an earlier aggravated robbery.
 {¶ 3} During the course of the criminal proceedings and while represented by counsel, appellant and the state reached an agreement whereby appellant would provide information about the Alaphonso Sanders murder and robbery in an "off-the-record" setting. In the agreement, dated August 18, 2004, the parties agreed that no statement or information provided by appellant in the "off-the-record" proffer of information would be used against him at his trial. However, the parties agreed that the government could make derivative use of the information and could pursue further investigation suggested by appellant's statements. The provision for derivative use was included "to eliminate any later necessity for [a] Kastigar hearing."[1] (Appellee's brief, exhibit No. A-1; emphasis supplied.) Finally, the parties agreed that in the event appellant were to testify at any trial related to the information he was to provide, the government was permitted to cross-examine him concerning any inconsistencies with his statements or information provided. Appellant and defense counsel signed the agreement.
 {¶ 4} Prior to trial, defense counsel filed a motion to suppress his statements and to suppress the testimony of any witness whose names were obtained from appellant's "off-the-record" proffer of information to the prosecution. Appellant asked for a Kastigar hearing. A hearing was held on September 21, 2005. The prosecution pointed out that aKastigar hearing was inappropriate because immunity from prosecution had not been granted. Further, the prosecution pointed out that pursuant to the agreement, the state would not offer appellant's statements made during appellant's "off-the-record" proffer of information, as evidence at his trial.
 {¶ 5} The trial court found that appellant has not been forced to testify against himself and had not claimed the privilege against self-incrimination. Furthermore, appellant had agreed that the prosecution could use information derived from appellant's statements to develop further evidence. The court overruled the motion to suppress.
 {¶ 6} On December 5, 2005, acting on his own behalf, appellant filed a "Motion to Suppress All Evidence." Appellant filed the motion under the wrong case number. However, it was called to the attention of the trial judge who considered the motion in the proper case. Appellant's pro se motion to suppress all evidence related to the same proffer agreement that had been subject to a motion to suppress filed by defense counsel and ruled upon by the trial court on September 21, 2005. On January 6, 2006, the trial court denied appellant's pro se motion to suppress. The court noted that appellant was represented by counsel and that hybrid representation was not permitted. State v. Martin, 103 Ohio St.3d 385,2004-Ohio-5471, paragraph one of the syllabus.
 {¶ 7} On January 12, 2006, while represented by counsel, appellant entered a no contest plea to involuntary manslaughter as a lesser offense of murder and to aggravated robbery. As part of the plea bargain, the firearm specifications were withdrawn. The parties jointly recommended consecutive sentences of nine years for involuntary manslaughter and three years for aggravated robbery. The trial court accepted the joint recommendation and imposed sentence as recommended. New counsel was appointed for purposes of appeal.
 {¶ 8} New appellate counsel reviewed the entire record of the proceedings in the trial court and concluded that there was no good-faith basis to claim that any error took place in the trial court. Consistent with Anders v. California (1967), 388 U.S. 924,87 S.Ct. 2094, appellate counsel provided a record of the proceedings below and, on appellant's behalf, advanced the following assignment of error:
 The trial court erred in denying Appellant's Motions to Suppress, thereby violating Appellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 9} Pursuant to Anders, we have conducted a full examination of all of the proceedings to determine whether this case has arguable merit or is wholly frivolous. We find nothing in the record that would suggest arguable merit to this appeal.
 {¶ 10} First, Kastigar is not applicable to these proceedings.Kastigar involved the use of an immunity statute to compel testimony. No immunity was sought or granted herein and appellant was not compelled to be a witness against himself in the criminal proceedings.
 {¶ 11} Moreover, statements made in the context of agreements between the prosecution and the defense are not compelled self-incrimination.United States v. Eliason (C.A.7, 1993), 3 F.3d 1149; United States v.Camp (C.A.9, 1995), 72 F.3d 759. Appellant entered into a contract whereby he agreed that the prosecution could develop information gained from his statement made under the agreement. See United States v.Pielago (C.A.11, 1998), 135 F.3d 703. Proffer agreements are analogous to plea agreements and are governed by contract principles. UnitedStates v. Chiu (C.A.9, 1997), 109 F.3d 624. Ohio follows the same principles regarding proffered statements and plea agreements. SeeState v. Bethel, 110 Ohio St.3d 416, 2006-Ohio-4853.
 {¶ 12} Here, the agreement provided that appellant's statement would not be used in evidence against him. However, information developed from his statements was permitted under the agreement between the parties. We find no error in the decision of the trial court to overrule the motion to suppress filed by counsel. Moreover, even if Martin, supra, did not prohibit hybrid representation, appellant's pro se motion to suppress is simply a re-hash of the arguments made in the motion to suppress filed by counsel. It too is without merit.
 {¶ 13} We have reviewed the complete record and find nothing that would arguably support this appeal. Therefore, the assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed. BRYANT and McGRATH, JJ., concur.
[1] Kastigar v. United States (1972), 406 U.S. 441, 92 S.Ct. 1653.Kastigar involves "use immunity." No grant of immunity from prosecution was made in appellant's case.