JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant, Albardis Towns, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 3} According to the case and the facts, appellant was named in the following three-count indictment: one count of drug trafficking, in violation of R.C. 2925.03, and one count of possession of criminal tools, in violation of R.C. 2923.24, both with one-year firearm specifications, in violation of R.C. 2941.141. On August 24, 2005, appellant pled guilty to all three counts.
 {¶ 4} Appellant was taken into custody on March 9, 2005, and bond was set at $500,000 cash/surety/property. Motion for bond reduction was filed on March 11, 2005. On March 14, 2005, appellant's motion for reduction of bond was granted and ordered as recommended by the bond commissioner and over the objection of the state at $150,000 cash/surety/property with a condition of participation in the home detention program. Appellant was placed on electronically monitored house arrest throughout the duration of all court hearings until she surrendered for transporting to the parent institution.
 {¶ 5} On October 4, 2005, appellant was granted credit for time served prior to sentencing and while awaiting transport to the appropriate state institution. On November 10, 2005, appellant filed a pro se motion for jail-time credit. On November 16, 2005, the court granted appellant's motion for jail-time credit for sixteen days only. On March 6, 2006, appellant filed a pro se motion for correction of jail-time credit, which the court denied on March 21, 2006.
 {¶ 6} Appellant was sentenced to the Ohio Reformatory for Women for two years and a stated term of one year mandatory on the firearm specification, to run prior to and consecutively to one year on the base charge, for an aggregate term of two years. She was granted jail credit for sixteen days.
 {¶ 7} Appellant has appealed for jail credit for her time spent under electronically monitored house arrest throughout the duration of all court hearings until she surrendered for transporting to the parent institution. This appeal follows.
 II {¶ 8} First assignment of error: "The trial court erred to [the] prejudice of defendant-appellant by denying jail credit pursuant to statue [sic]."
 {¶ 9} Second assignment of error: "The trial court isolated defendant-appellant's constitutional right under the Ohio Constitution Article IV Section 5(B) not to have excessive bail applied."
 {¶ 10} Third assignment of error: "The trial court erred to the prejudice of defendant-appellant in its abuse of discretion by arbitrary and capricious interpretation of statue [sic] R.C. 2967.19.1."
 III {¶ 11} Because of the substantial interrelation between appellant's first and third assignments of error, we shall address them together.
 {¶ 12} A person not under detention/confinement while awaiting trial does not obtain credit for time served. Pretrial electronic monitoring does not count as custody time for speedy trial purposes under R.C.2945.71 either. State v. Sutton, Lucas App. No. L-03-1104,2004-Ohio-2679; State v. Radcliff, Vinton App. No. 99CA535, 2000-Ohio-2012; State v. Holt (May 12, 2000), Montgomery App. No. 18035;State v. Truesdale (Dec. 15, 1995), Montgomery App. No. 15174; State v.Brown (July 7, 1992), Montgomery App. No. 13155; State v. Brownlow
(1991), 75 Ohio App.3d 88, 91-92.
 {¶ 13} We have determined that a defendant's pretrial "period of electronic home monitoring clearly does not equate to confinement in [jail]" State v. Shearer (Dec. 17, 1999), Wood App. No. WD-98-078, citing Bailey v. Chance (Sept. 18, 1998), Mahoning App. No. 98 CA 169. Other appellate courts concur. State v. Kyser (Aug. 10, 2000), Mahoning App. No. 98 CA 144; State v. Peters (May 13, 1999), Licking App. Nos. 98-CA-00118, 98-CA-00119. Additionally, it is commonly held that pretrial electronic monitoring is a condition of bond. State v.Kyser (Aug. 10, 2000), Mahoning App. No. 98 CA 144; Akron v. Stutz (Nov. 1, 2000), Summit App. No. 19925; State v. Peters (May 13, 1999), Licking App. Nos. 98-CA-00118, 98-CA-00119; State v. Setting (Mar. 20, 1996), Wayne App. No. 95CA0057; State v. Faulkner (1995), 102 Ohio App.3d 602,604.
 {¶ 14} Appellant's electronic monitoring was not a sentencing condition; it was a pretrial condition of bond. As a condition of bond, it does not constitute detention. Without detention, appellant cannot receive jail credit. Such conclusions logically follow from treatment of pretrial electronic monitoring for the purposes of credit for time served and speedy trial. We find no abuse of discretion on the part of the lower court.
 {¶ 15} Accordingly, appellant's first and third assignments are overruled.
 {¶ 16} Appellant argues in her second assignment of error that the lower court violated her constitutional right under Section 5(B), Article IV, of the Ohio Constitution, not to have excessive bail applied.
 {¶ 17} Under Section 9, Article I, of the Ohio Constitution, "all persons shall be bailable by sufficient sureties, except for a person who is charged with a felony where the proof is evident or the presumption great and where the person poses a substantial risk of serious physical harm to any person or to the community. Excessive bail shall not be required; nor excessive fines imposed." Section 9, ArticleI, Ohio Constitution. The amount of bail is largely within the sound discretion of the court. Jenkins v. Billy (1989), 43 Ohio St.3d 84.
 {¶ 18} Pursuant to Crim.R. 46, in determining what is reasonable bail, the court must consider all relevant information including, but not limited to, the nature and circumstances of the offense charged, the weight of the evidence, the accused's history of flight or failure to appear at court proceedings, her ties to the community, including her family, financial resources and employment, and her character and mental condition. After weighing these factors, the trial judge within his or her sound discretion, sets the amount of bail. The discretion to set bail also permits the trial court to change bail as circumstances warrant. State v. Marte (May 23, 1996), Cuyahoga App. No. 69587;Hardy v. McFaul, Cuyahoga App. No. 84495, 2004-Ohio-2694.
 {¶ 19} In support of her second assignment of error, appellant argues that the lower court erred regarding her pretrial bond. Appellant contends the court's decision was arbitrary and violative of her constitutional and statutory rights.
 {¶ 20} However, after conviction, any error concerning the issue of pretrial bail is moot. See State v. Head (Nov. 21, 1991), Cuyahoga App. No. 59367; State v. Salina (Mar. 31, 1981), Columbiana App. No. 80-C-24;State v. Bonarrigo (May 22, 1980), Cuyahoga App. No. 41300. The proper procedure for seeking relief for excessive pretrial bail is through habeas corpus proceedings. State ex rel. Baker v. Troutman (1990),50 Ohio St.3d 270; Jenkins v. Billy (1989), 43 Ohio St.3d 84; State v.Bevacqua (1946), 147 Ohio St. 20, 67 N.E.2d 786. We find no reason to deviate from this rule under the facts of this case. Thus, appellant may not raise this issue on direct appeal of her conviction.
 {¶ 21} Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR.