OPINION *Page 2 
{¶ 1} Defendant-appellant Edward Gowdy appeals from his sentence entered in the Youngstown Municipal Court. Appellant argues that the court erred in stating that he would receive credit for electronic monitoring house arrest but then failing to in fact credit him for such time. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On May 13, 2007, appellant was charged with domestic violence, child endangering (both first degree misdemeanors) and criminal damaging. On May 24, 2007, appellant pled guilty to child endangering. In return, the state dismissed the criminal damaging count and allowed appellant to plead guilty to a reduced count of fourth-degree misdemeanor domestic violence.
 {¶ 3} Appellant spent fourteen days in jail in lieu of bail and was then released on the condition of electronic monitoring house arrest (EMHA) where he spent twenty days pending sentencing. On June 13, 2007, appellant was sentenced to sixty days in jail for child endangering to run consecutively to thirty days in jail for domestic violence. He was fined $100 on each and ordered to continue anger management classes. He was also placed upon eighteen months of probation after completing his sentences.
 {¶ 4} At the sentencing hearing, the court stated the following:
 {¶ 5} "THE COURT: * * * On the domestic violence the penalty will be 30 days jail, credit for 14 days served, credit for electronically monitored house arrest, fine of $100, plus costs. * * * On the child endangering 60 days jail, credit for 14 days served. Credit for the time will be consecutive. * * * Are there any questions?
 {¶ 6} [Defense counsel]: "If I understand the Court's sentence, he will have served his misdemeanor 4 domestic violence with 14 days and 20 days of house arrest?
 {¶ 7} "THE COURT: Just the time, credit for the jail time. The Court said credit for 14 days, plus the electronically monitored house arrest. I equivocated on *Page 3 
that for the reason primarily that was for bail, that was a condition of bail, that was the bail amount.
 {¶ 8} "[Defense counsel]: So you have imposed a ninety day sentence giving him credit for 14 days only?
 {¶ 9} "THE COURT: On each, subtract 14 from the 30, subtract 14 from the 60." (Tr. 6-8).
 {¶ 10} The sentencing entry reads in pertinent part as follows:
 {¶ 11} "Count #1 Domestic Violence
 {¶ 12} "Defendant sentenced to 30 days incarceration in the Mahoning County Justice Center. Defendant given credit for 14 days served.Credit for EMHA
 {¶ 13} "Count #2 Child Endangering
 {¶ 14} "Defendant sentenced to 60 days incarceration in the Mahoning County Justice Center. Sentence is consecutive to * * * the sentence in Count #1.
 {¶ 15} "CFTS 14 DAYS credit for EMHA"
 {¶ 16} (We note that our use of italics represent the handwritten portions of a pre-printed form and our use of underscores represent what were once blanks in that form.)
 {¶ 17} It is from this sentencing entry that appellant has filed his timely notice of appeal.
 ASSIGNMENT OF ERROR ARGUMENTS {¶ 18} "THE TRIAL COURT ERRED IN MISCALCULATING JAIL TIME CREDIT IN ITS JUDGMENT ENTRY OF SENTENCE."
 {¶ 19} Although the trial court explained at the sentencing hearing that appellant would receive credit for fourteen days in jail and would not actually receive credit for the twenty days spent on EMHA, appellant notes that the court speaks only through its written, journalized judgment. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 6 (as a general rule, court speaks only through its journal entry, not mere oral pronouncement). Regarding the judgment entry, appellant argues that the court purported to give him both credit for time served in jailand for time spent on EMHA but erroneously failed to specify the number of days for which he should receive credit for the EMHA and thus did not sufficiently ensure that he would receive the credit *Page 4 
awarded to him. He urges that he is entitled to an additional twenty days of credit for time served.
 {¶ 20} The state notes that appellant's EMHA was clearly a condition of bond, citing the May 24, 2007 plea hearing. The state then counters appellant's argument by stating that a trial court is not permitted to credit a defendant with time spent on house arrest that was a condition of bail. Thus, the state urges that no matter what the sentencing entry may imply, the court did not err in failing to state the number of days which appellant spent on house arrest.
 LAW ANALYSIS {¶ 21} The governing statute here is R.C. 2949.08, which provides in pertinent part:
 {¶ 22} "(B) The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.
 {¶ 23} "(C) (1) If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the person's competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where the person is to serve the sentence." See, also, R.C. 2967.191 (for parallel provision regarding prison terms).
 {¶ 24} As the state posits, the issue boils down to whether electronic monitoring house arrest as a condition of bail constitutes confinement under these statutes. This court has concluded that it does not in a case involving post-sentence release on bail pending appeal. Bailey v.Chance (Sept. 18, 1998), 7th Dist. No. 98CA169 (in an assuming arguendo analysis after finding defendant should have appealed issue rather than seeking a writ). See, also, State v. Shearer (Dec. 17, 1999), 6th Dist. No. *Page 5 
WD-98-078 (defendant is not entitled to credit for time spent on post-sentence EMHA as condition of bail).
 {¶ 25} A presentence release on bail scenario, such as the one existing here, provides even stronger support for the holding that credit for time served is not available. Courts that have addressed the issue have concluded that pre-sentencing house arrest is not confinement so as to justify credit for time served as it is not confinement in lieu of bail, but rather, it is a condition of release from confinement. SeeBailey, 7th Dist. No. 98CA169, citing State v. Faulkner (1995),102 Ohio App.3d 602, 604 (3d Dist.) and State v. Tyler (1993),90 Ohio App.3d 380, 381 (10th Dist.). See, also, State v. Towns, 8th Dist. No. 88059,2007-Ohio-529, ¶ 12-14 (citing our Bailey case for this proposition and extending the rationale to exclude EMHA from speedy trial triple time);State v. Studer (Mar. 5, 2001), 5th Dist. No. 2000CA180; State v.Radcliff (Dec. 19, 2000), 4th Dist. No. 99CA535; State v. Setting (Mar. 20, 1996), 9th Dist. No. 95CA0057.
 {¶ 26} Notably, the Supreme Court has interpreted the word confinement as used in R.C. 2949.08(C) as requiring severe restraint on freedom of movement so that the defendant cannot leave official custody. SeeState v. Sullivan, 7th Dist. No. 01CO66, 2002-Ohio-5225, ¶ 7, citingState v. Nagle (1986), 23 Ohio St.3d 185, 186-187 (where Supreme Court held that release to rehabilitation center for eighteen months was a condition of probation rather than confinement and would not count as credit for time served when offender later violates probation). In fact, in finding that one does not commit the crime of escape by violating pretrial EMHA, the Supreme Court has cited to some of the aforementioned appellate decisions holding that those under pretrial EMHA are not entitled to credit for time served. State v. Gapen, 104 Ohio St.3d 358,2004-Ohio-6548, ¶ 68, citing Studer, 5th Dist. No. 2000CA180,Bailey, 7th Dist. No. 98CA169, Setting, 9th Dist. No. 95CA0057 andFaulkner, 102 Ohio App.3d at 604.
 {¶ 27} Based on the foregoing, we conclude that appellant was not entitled to credit for time served on EMHA as a pre-sentencing condition of bail. Thus, the trial court did not err by failing to designate the number of days for which appellant should receive credit for EMHA. Consequently, the journal entry, which merely credited *Page 6 
appellant with the fourteen days (on each offense) that he spent in jail in lieu of bail is not in error.
 {¶ 28} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 DeGenaro, P.J., concurs. Waite, J., concurs. *Page 1