[Cite as *State v. Delaney*, 2013-Ohio-2282.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO,                              :

     Plaintiff-Appellee,                :

     - vs -                                  :

LEONARD DELANEY,                    :

     Defendant-Appellant.           :

CASE NO. CA2012-11-124

O P I N I O N
6/3/2013


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 11CR27420


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Leonard Delaney, #A659100 Madison Correctional Institution, P.O. Box 740, London, Ohio 43140-0740, defendant-appellant, pro se


**S. POWELL, J.**

{¶ 1} Appellant, Leonard Delaney, appeals from a decision in the Warren County Court of Common Pleas denying his motion seeking jail-time credit for time he spent subject to electronic monitored house arrest (EMHA) as a condition of bail. For the reasons outlined below, we affirm the decision of the trial court.

{¶ 2} In September 2011, appellant was indicted on three counts of rape in violation

of R.C. 2907.02(A)(2) and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1). As a condition of bail, appellant was placed on EMHA. Subsequently, appellant pled guilty to gross sexual imposition and was sentenced to 18 months in prison. The remaining rape charges were dropped. On October 22, 2012, appellant moved for correction of jail-time credit for the hours he spent on EMHA. The trial court denied appellant's motion.

{¶ 3} Appellant now appeals, and raises one assignment of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} [IT WAS] ERROR WHEN THE TRIAL COURT DENIED DEFENDANT-APPELLANT['S] REQUEST FOR JAIL TIME CREDIT FOR TIME SPENT ON HOUSE ARREST PURSUANT TO R.C. 2921.01(E)[.]

{¶ 6} Appellant argues that because he was not allowed to leave his place of residence for any reason, besides to take drug tests, he was subject to confinement. Because he was subject to confinement, appellant asserts that he is entitled to jail-time credit for the time he spent subject to pretrial EMHA. We disagree.

{¶ 7} In order for a defendant to receive jail-time credit toward his sentence, the period of his electronic home monitoring must be considered confinement within the meaning of R.C. 2967.191. *State v. Faulkner*, 102 Ohio App.3d 602, 604 (3d Dist.1995). R.C. 2967.191 provides:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *.

{¶ 8} The term "confinement," while not explicitly defined by statute, is set forth in R.C. 2921.01(E) defining detention. *Faulkner* at 604. The Ohio Supreme Court has explicitly stated that "pretrial electronic home monitoring was not intended to be a form of detention

under R.C. 2921.01(E)." *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, ¶ 72. Consequently, we hold that pretrial EMHA does not constitute confinement for the purpose of receiving jail-time credit. *Faulkner*; *State v. Towns*, 8th Dist. No. 88059, 2007-Ohio-529; *State v. Gowdy*, 7th Dist. No. 07 MA 103, 2008-Ohio-1533; *State v. Trifilio*, 1st Dist. No. C-970681, 1998 WL 355151 (July 2, 1998). The trial court did not err in overruling appellant's motion to seek jail-time credit for time he spent on EMHA as a condition of bail. Appellant's sole assignment of error is overruled.

{¶ 9} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.