[Cite as *State v. Lynch*, 2015-Ohio-3366.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| | | No. 15AP-123 (C.P.C. No. 03CR-6779) |
| Plaintiff-Appellee, | : | No. 15AP-124 (C.P.C. No. 04CR-5939) |
| | | No. 15AP-125 (C.P.C. No. 03CR-6183) |
| v. | : | No. 15AP-126 (C.P.C. No. 04CR-6084) |
| David S. Lynch, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 20, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*David S. Lynch*, pro se.

APPEALS from the Franklin County Court of Common Pleas.

BROWN, P.J.

{¶ 1} In these consolidated appeals, David S. Lynch, defendant-appellant, appeals from four judgments of the Franklin County Court of Common Pleas, in which the court denied his motions to correct/clarify judgment entry.

{¶ 2} The underlying facts of the crimes for which appellant was convicted are irrelevant to the issues on appeal. Appellant was arrested September 3, 2003, and was held in jail based on offenses that occurred the previous day. In case No. 15AP-125 (03CR-6183), appellant was indicted September 11, 2003 on counts of burglary, receiving stolen property, tampering with evidence, and having a weapon under disability. He was convicted, pursuant to a plea of guilty, of burglary on January 13, 2006. The trial court sentenced appellant to five years in jail, to be served concurrently with the sentences in

his other three cases pending at the time of sentencing.  The court recognized 863 days of jail-time credit.

{¶ 3}   In case No. 15AP-123 (o3CR-6779), appellant was indicted October 10, 2003 on counts of burglary, theft of a firearm, and theft. The offenses occurred on August 6, 2003.  He was convicted, pursuant to a plea of guilty, to burglary on January 13, 2006. The trial court sentenced appellant to five years in jail, to be served concurrently with the sentences from his other three cases pending at the time of sentencing. The court recognized zero days of jail-time credit.

{¶ 4}   In case No. 15AP-124 (o4CR-5939), appellant was indicted September 10, 2004 on counts of aggravated burglary and kidnapping, both with firearm specifications. The offenses occurred August 23, 2003. He was convicted, pursuant to a plea of guilty, to aggravated burglary without specification, on January 13, 2006. The trial court sentenced appellant to five years in jail, to be served concurrently with the sentences from his other three cases pending at the time of sentencing. The court recognized zero days of jail-time credit.

{¶ 5}   In case No. 15AP-126 (04CR-6084), appellant was indicted September 15, 2004 on one count of murder, aggravated robbery, and having a weapon under disability. The murder and aggravated robbery counts included three-year firearm specifications. The offenses occurred January 14, 2003.  He was convicted, pursuant to a plea of no contest, to involuntary manslaughter without specification and aggravated robbery without specification on January 13, 2006.  The trial court sentenced appellant to 9 years in jail on the involuntary manslaughter conviction to be served consecutively to a 3-year jail sentence for the aggravated robbery conviction, for a total of 12 years, to be served concurrently with the sentences from his other three cases pending at the time of sentencing. The court recognized zero days of jail-time credit. Appellant appealed the judgment but did not raise any issue relating to jail-time credit. This court affirmed the judgment in *State v. Lynch*, 10th Dist. No. 06AP-128, 2007-Ohio-294.

{¶ 6} On December 10, 2014, appellant filed in all four cases motions to correct/clarify judgment entry of sentence and conviction. Appellant argued that the trial court should have granted 863 days of jail-time credit in all four cases, relying on *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856. On February 10, 2015, the trial court denied

the motions finding that: (1) appellant could have raised the issue of jail-time credit on direct appeal or in a more timely manner, and (2) *Fugate* was released in 2008 and is not retroactive to previously imposed sentences. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] The trial [c]ourt abused its discretion when it refused to grant appellant's request to apply jail[-]time credit to reflect his concurrent sentences.
>
> [II.] The trial [c]ourt violated Appellant's Equal Protection Rights by failing to recognize that all sentences being served simultaneously must have jail credit apply to all sentences.
>
> [III.] The trial court[']s decision reflected a misunderstanding of the relief requested when it stated "Defendants [sic] seeks to substantially alter the jail[-]time credit awarded."

{¶ 7} We will address all of appellant's assignments of error together, as they are related. In these assignments of error, appellant argues that the trial court erred when it failed to apply jail-time credit of 863 days to all four of his concurrent sentences. However, before addressing the merits of appellant's arguments we first note that his argument is moot with respect to three of the four underlying cases. In case No. 03CR-6183, the trial court already recognized 863 days of jail-time credit in its original sentencing entry. Thus, appellant's motion in that case was moot because he already had received all of the jail-time credit to which he claimed he was entitled in his motion. Furthermore, in case Nos. 03CR-6779 and 04CR-5939, the five-year concurrent sentences the trial court ordered in January 2006 expired in January 2011, long before appellant filed his December 2014 motions to correct/clarify judgment entry of sentence and conviction. Thus, appellant's motions were also moot in these cases. *See State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5 (the defendant's claims concerning jail-time credit were rendered moot when he completed his sentence); *State v. Feagin*, 6th Dist. No. H-12-014, 2013-Ohio-1837, ¶ 4, citing *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572 (once a defendant has served his sentence, any error related to the calculation of his jail-time credit is moot). Therefore, we need only address appellant's assignments of error with respect to case No. 15AP-126 (04CR-6084).

{¶ 8} The trial court denied appellant's motion based upon the following grounds: (1) any issue with regard to jail-time credit could have been raised on direct appeal or in a more timely manner, and (2) appellant could not rely upon *Fugate* because that decision was not issued until 2008 and it is not retroactive to sentences already imposed and affirmed on appeal, such as those sentences in appellant's cases. The trial court's first basis for denying appellant's motion was res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 9} Although the trial court here found appellant's jail-time credit argument was precluded by res judicata, this court, in *State v. Inboden*, 10th Dist. No. 14AP-312, 2014-Ohio-5762, found that R.C. 2929.19(B)(2)(g)(iii) precludes the application of res judicata to issues of jail-time credit that could have been raised at sentencing but were not. R.C. 2929.19(B)(2)(g)(iii) provides:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at anytime after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

{¶ 10} As we explained in *Inboden*, prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), this court had held that motions for jail-time credit were subject to the doctrine of res judicata except for where the alleged calculation error was clerical or mathematical. *Id.* at ¶ 7. We stated further that R.C. 2929.19(B)(2)(g)(iii) provides "the court has continuing jurisdiction to correct any jail-time credit error 'not previously raised at sentencing,' thereby abating the application of the doctrine of res judicata as it relates

to issues that could have been raised at sentencing but were not." *Id.* at ¶ 8. Thus, we concluded in *Inboden* that, as a result of the enactment of R.C. 2929.19(B)(2)(g)(iii), res judicata no longer defeats untimely jail-time credit arguments. Accordingly, based on *Inboden*, we find the trial court here erred when it denied appellant's motion based on res judicata.

{¶ 11} The trial court also denied appellant's motion based on a finding that appellant could not rely upon *Fugate* because that decision was not issued until 2008, and it is not retroactive to sentences already imposed and affirmed on appeal, such as those sentences in appellant's cases. In *Fugate*, the Supreme Court of Ohio found the defendant should have been given jail-time credit when the court imposed concurrent sentences for his three convictions. *Id.* at ¶ 22. The court reasoned that "when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit." *Id.* at ¶ 12. When a defendant is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held, and would constitute a violation of the Equal Protection Clause. *Id.* at ¶ 22. It held that "R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held." *Id.* at ¶ 12.

{¶ 12} We agree with the trial court's conclusion. " '[A]pplication of a new rule of law to a pending appeal is not retrospective,' and * * * the new rule applie[s] to the cases pending on the announcement date." *State v. Evans*, 32 Ohio St.2d 185, 186 (1972), quoting *State v. Lynn*, 5 Ohio St.2d 106, 108 (1966). "A new judicial ruling may be applied only to cases that are pending on the announcement date." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6. "The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *Id. See also State v. Strickland*, 10th Dist. No. 14AP-307, 2014-Ohio-5105, ¶ 12, citing *Ali* (a new judicial ruling may not be applied retroactively to a conviction that has become final). Here, appellant's reliance on *Fugate* is misplaced, as his conviction and sentence were already final prior to the date the Supreme Court pronounced its holding therein. Therefore, we find the trial court properly denied appellant's motion on this basis. For these reasons, we find the trial court did not err

when it denied appellant's four motions to correct/clarify judgment entry, and appellant's first, second, and third assignments of error are overruled.

{¶ 13} Accordingly, appellant's three assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.

*Judgments affirmed.*

BRUNNER and HORTON, JJ., concur.

_____