[Cite as *State v. Harvey*, 2017-Ohio-5512.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-092** |
| RICARDO L. HARVEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2015 CR 00540.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Ricardo L. Harvey,* pro se, PID: A674-573, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Ricardo L. Harvey, pro se, appeals the judgment of the Lake County Court of Common Pleas denying his "motion to reduce sentence for time on bond." Appellant seeks credit for time served toward his prison sentence for trafficking in heroin and tampering with evidence for the time he was free on bond while awaiting trial and sentencing. For the reasons that follow, we affirm.

{¶2} On June 25, 2015, appellant was charged in the Painesville Municipal Court with tampering with evidence. He was arrested on a warrant and brought to court at which time personal bond was set. On July 6, 2015, he was bound over to the trial court and his personal bond was continued. On July 13, 2015, the trial court received the municipal court's docket and filings.

{¶3} On October 29, 2015, appellant pled guilty via information to trafficking in heroin, a felony of the fourth degree, and tampering with evidence, a felony of the third degree. The court found appellant's plea was voluntary, accepted the plea, and found him guilty. On that same date, the trial court continued the bond as an "own recognizance" bond. Also on that date, appellant signed the "Conditions of Bond."

{¶4} Also on October 29, 2015, the court sentenced appellant to 17 months in prison for trafficking in heroin and 24 months for tampering with evidence, the two terms to be served concurrently to each other, for a total of 24 months. Bond was continued three days to November 1, 2015, when appellant's sentence was to begin.

{¶5} Appellant did not appeal his guilty plea or his sentence. Instead, nine months later, on July 23, 2016, he filed a pro se "Motion to Reduce Sentence for time on bond." In his motion, he asked for what amounted to jail-time credit for the 109 days he was on bond from July 13, 2015 (the day the trial court received the municipal court's docket and filings) through November 1, 2015 (the day his sentence began). In support, he argued that, due to the possibility of confinement if he should violate the conditions of his bond, he was "confined in [his] mind." As a result, he argued he was "confined" pursuant to R.C. 2967.191, and thus entitled to credit for time served for this period. The state filed a brief in opposition, arguing that appellant failed to cite any authority that

2

would allow the court to credit him with any time served while he was out of jail and complying with the terms of his bond. The court denied appellant's motion.

{¶6} Appellant appeals the trial court's judgment, asserting the following for his sole assignment of error:

{¶7} "The trial court abused its discretion and committed plain error in violation of Crim.R. 52(B) for failing to grant appellant time while on bond pursuant to Criminal rule 46 time confined while on bond. (Sic.)"

{¶8} As a preliminary matter, we note this court has previously held that where a defendant, like appellant, had an opportunity to raise, but failed to raise, jail-time credit issues on direct appeal, he was barred by res judicata from raising such issues in a post-conviction motion for jail-time credit. *State v. Karpenko*, 11th Dist. Trumbull No. 2014-T-0001, 2015-Ohio-1220, ¶9-11.

{¶9} However, R.C. 2929.19(B)(2)(g)(iii) provides, in pertinent part:

{¶10} [A] sentencing court retains *continuing jurisdiction* to correct *any error not previously raised at sentencing* in making a determination [of the appropriate jail-time credit] * * *. The offender may, *at any time after sentencing*, file a motion in the sentencing court to correct *any error* made in making [such] determination[.] (Emphasis added.)

{¶11} Several courts have held that since R.C. 2929.19(B)(2)(g)(iii) provides that a court has *continuing jurisdiction* to correct *any jail-time credit error not previously raised at sentencing*, this statute abates the application of res judicata as it relates to issues that could have been raised at sentencing but were not. *State v. Lynch*, 10th Dist. Franklin Nos. 15AP-123, etc., 2015-Ohio-3366, ¶9-11; *State v. Quarterman*, 8th Dist. Cuyahoga No. 101064, 2014-Ohio-5796, ¶8; *State v. Copas*, 4th Dist. Adams No. 14CA996, 2015-Ohio-5362, ¶11-12.

3

{¶12} The state concedes on appeal that it did not argue res judicata in the trial court and the state does not assert res judicata on appeal. Res judicata is not self-executing; rather, it must be affirmatively raised and if it is not, it is waived. *See State v. Apanovitch*, 107 Ohio App.3d 82, 89 (8th Dist.1995). For these reasons and in the interest of justice, we choose to address appellant's jail-time credit argument.

{¶13} This court reviews the trial court's determination as to the amount of credit, if any, to which a defendant is entitled under the clearly and convincingly contrary to law standard in R.C. 2953.08(G)(2). *State v. Smith,* 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶15; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law").

{¶14} Pursuant to R.C. 2967.191, a prisoner's prison term shall be reduced:

{¶15} by the total number of days that the prisoner was *confined* for any reason arising out of the offense for which the prisoner was convicted and sentenced, including *confinement* in lieu of bail while awaiting trial, *confinement* for examination to determine the prisoner's competence to stand trial * * *, [and] *confinement* while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *. (Emphasis added.)

{¶16} Appellant argues that since he was subject to re-arrest under the conditions of his bond if he failed to appear for his court hearings while this case was pending, he was "confined" for purposes of R.C. 2967.191 and thus entitled to credit for time served during the 109-day period during which he was on an own recognizance bond.

4

{¶17} The only case appellant cites in support is *Jones v. Cunningham*, 371 U.S. 236 (1963). In *Jones,* the Court held that a defendant released on parole is in custody for purposes of federal habeas corpus because a paroled prisoner is released into the parole board's custody and also because the board's custody involves significant restraints on a parolee's freedom. *Id.* at 241-243.

{¶18} In contrast with *Jones*, here, appellant was not on parole, but, rather, was free on an own recognizance bond while awaiting trial and sentencing. Further, the only condition of the bond appellant challenges required that he appear for his court hearings and provided that if he failed to appear, his bond would be revoked.

{¶19} Appellant has failed to cite any case law holding that being free on bond while awaiting trial and sentencing with a condition requiring the defendant to appear at his court hearings amounts to confinement, entitling him to credit for time served. Moreover, our research supports the opposite result.

{¶20} The term "confinement," as used in R.C. 2967.191, while not defined in the criminal code, has been deemed synonymous with the term "detention," as defined in R.C. 2921.01(E). *State v. Sutton*, 6th Dist. Lucas No. L-03-1104, 2004-Ohio-2679, ¶13. R.C. 2921.01(E) defines "detention" as

> {¶21} arrest; confinement in any vehicle subsequent to an arrest; confinement in any * * * facility for custody of persons charged with or convicted of crime * * *; hospitalization, institutionalization, or confinement in any * * * facility that is ordered pursuant to * * * the Revised Code; * * * supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution * * *. (Emphasis added.)

{¶22} The Supreme Court has interpreted the "confinement" language in R.C. 2949.08(C), which is virtually the same as the "confinement" language in R.C.

5

2967.191, as requiring *severe restraint of freedom of movement so that the person cannot leave official custody*. *State v. Sullivan*, 7th Dist. Columbiana No. 01-CO-66, 2002-Ohio-5225, ¶7, citing *State v. Nagle*, 23 Ohio St.3d 185, 186-187 (1986). In *Nagle*, *supra*, the Ohio Supreme Court held that release to a rehabilitation center for 18 months was a condition of probation, not confinement for time-crediting purposes.

{¶23} It is well settled that a defendant is not entitled to have his prison term reduced for days spent on his own recognizance after bond was set and before trial. *Sullivan*, *supra*, at ¶5-6. In support, the Seventh District stated that being released on one's own recognizance with conditions such as having to return to court for disposition is not confinement for time-crediting purposes pursuant R.C. 2967.191. *Id*.

{¶24} Moreover, several courts have similarly resolved the issue when addressing more extreme bond conditions - house arrest or electronically-monitored house arrest. These courts hold that where the trial court places a defendant under house arrest or electronically-monitored house arrest as a condition of his recognizance bond pending trial or sentence, he is nevertheless free on bond and thus not confined for time-crediting purposes. *State v. Faulkner*, 102 Ohio App.3d 602, 604 (3d Dist.1995); *Sutton*, *supra*, at ¶12; *State v. Delaney*, 12th Dist. Warren No. CA2012-11-124, 2013-Ohio-2282, ¶8, citing *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, ¶72; *State v. Tyler*, 90 Ohio App.3d 380, 381 (10th Dist.1993) ("The house arrest was not confinement in lieu of bail but, rather, was a condition of release from confinement * * *. * * * [W]e find no rationale or provision for granting credit towards a sentence of incarceration in a penal institution for time spent free on bail, although on house arrest,

6

while awaiting sentence."); *In re Helfrich*, 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, ¶59; *State v. Gowdy*, 7th Dist. Mahoning No. 07MA103, 2008-Ohio-1533, ¶26.

**{¶25}** Here, appellant was not subject to house arrest, electronically-monitored house arrest, or any other restrictive conditions. Rather, the only condition of his bond with which he takes issue required his attendance at all court hearings. Such condition did not terminate his freedom while on bond or severely restrict his freedom of movement while under official custody. *Faulkner, supra; Sullivan, supra; Nagle, supra.* We therefore hold that appellant was not in "confinement" while on bond pursuant to R.C. 2967.191, and, as a result, the trial court did not err in denying his motion for credit for time served.

**{¶26}** For the reasons stated in the opinion of this court, the assignment of error is overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

**{¶27}** I concur with the majority's well-reasoned opinion but write to note that appellant's argument highlights a very real inconsistency in the present state of both precedent and statutory interpretation regarding this area of the law. The characteristics of pre-sentence bond and post-sentence probation are more similar than

7

different given the restrictive conditions and limitations upon a defendant's movement and freedom. The conditions of bond often include drug-testing, travel restrictions, frequent reporting and, occasionally, electronic monitoring. The costs of these conditions are assessed to the defendant before he is even found guilty of the crime charged.

{¶28} The law requires that defendants be given credit for the time they spend incarcerated prior to conviction. However, there is no means for "crediting" a defendant for having to meet the numerous conditions of their bond prior to conviction. At this point the law does not recognize, nor reconcile, this inconsistency. The demands of the public and the legal system for procedural fairness and sentencing reform may require that this inconsistency be addressed in the not-too-distant future.

{¶29} The writer, however, must read the law as it is today, not how it may be in the future. As such, I respectfully concur with the majority.